### In re DOUGLAS MILL, Inc.
### No. 29214.

United States District Court
N. D. Georgia, Atlanta Division.
July 20, 1950.

E. S. Ault, Cartersville, Ga., for Marine Midland Trust Co. of New York, trustee.

Croom Partridge, Atlanta, Ga., for Citizens & Southern Nat. Bank, trustee.

Palley, Edenfield, Coogler & Calhoun, Atlanta, Ga., for Beaver Mills Bondholders and Protective Committee.

Hutchens & Foster, Dallas, Ga., for Beaver Mills.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Douglas Mill, Inc.

HOOPER, District Judge.

This is an action, ancillary to the main proceeding herein, which was instituted by The Citizens and Southern National Bank, as Chapter X Trustee, to enjoin Charles D. Redwine, in his official capacity as State Revenue Commissioner of Georgia, and the Department of Revenue of the State of Georgia, from proceeding further with the assessment or collection of certain income taxes alleged to be owing to the State of Georgia by Debtor herein.

The facts, which are not in dispute, are found to be as follows:

## Findings of Fact

On January 17, 1950, an order was entered in this proceeding approving the trustee's proposed plan of reorganization, which order provided in part as follows: "(d) All creditors and stockholders affected by said plan shall have until the end of the 31st day of January, 1950, within which to file their proofs of claim herein, and to vote to accept or reject the said plan."

There was incorporated in the plan of reorganization, which was confirmed on February 2, 1950, the language of Section 224(1) of the Bankruptcy Act, 11 U.S.C.A. § 624(1), declaring in substance that, upon confirmation, the plan and its provisions should be binding upon all creditors, etc., "whether or not their claims or interests have been scheduled or allowed or are allowable."

Subsequent to January 31, 1950 (expiration of bar order period herein) the Trustee received from the Department of Revenue of the State of Georgia a statement of adjustments which the Department proposed to make in the income tax liability of Debtor herein for the periods beginning July 1, 1946, through the calendar year 1948, whereby such liability would be increased by the total sum of $5,066.52, including interest. The alleged liability to the State of Georgia was not scheduled by the Debtor, nor did the Trustee have any notice or knowledge of the possibility that such a claim might be asserted until after the plan had been confirmed. No proof of claim based on said liability was filed herein. At the time the claim was asserted against the Trustee, the plan was in process of consummation, and, in addition to other sums, the Trustee had paid out more than $250,-000.00 to bondholders. Bonds to be paid out of the estate total $304,500.00 principal.

Promptly upon receipt of the statement of proposed adjustments above mentioned, counsel for the Trustee informed the Department of Revenue of the pendency of these proceedings, and that the time for filing claims herein had expired on January 31, 1950. In reply the Department insisted upon its right to assess the additional taxes and questioned the right of this Court in the premises. Thereupon, the Trustee, through its counsel, brought this ancillary action for injunction.

Charles D. Redwine, in his official capacity as State Revenue Commissioner, filed his answer, and a cross-action, praying that relief be denied to the Trustee, and that the tax claim be allowed in the sum of $5,066.52 and be accorded priority as provided in the plan of reorganization.

Both in his answer and in his cross-action, the Revenue Commissioner contends, upon his interpretation of Section 271 of the Bankruptcy Act, 11 U.S.C.A. § 671, that he may assert in these proceedings, as a matter of right, any claim for taxes due but unassessed prior to the confirmation of the plan of reorganization, provided only that such claim be made within one year from the date of the filing of the petition herein.

## Conclusions of Law.

■ (1) Although the claim of the State of Georgia was not filed prior to the time fixed in the bar order which expired January 31, 1950, this Court has the right to consider the same. See Collier on Bankruptcy, Vol. 6, page 774, footnote 6.

■ (2) The application of the Trustee for injunction is properly before the Court for determination, and this Court has jurisdiction of said Charles D. Redwine in his official capacity as aforesaid, and of the Department of Revenue of the State of Georgia, as they have intervened in this case seeking distribution of the assets of the debtor.

■ (3) That under the undisputed facts in this case the said Charles D. Redwine, as State Revenue Commissioner of Georgia, is not entitled to share in distribution of the funds in the hands of the Trustee, realized by sale of the properties of Douglas Mill, Inc., for the following reasons:

Section 271 of the Bankruptcy Act reads as follows: "Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor

within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from, and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this chapter: Provided, however, That the United States or any State may in writing accept the provisions of any plan dealing with the assumption, settlement, or payment of any such tax."

The Court construes the language in the quoted section, to-wit: " * * * all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter and have not been assessed prior to the date of the confirmation of a plan under this chapter," to refer to taxes which accrue within one year after the filing of a petition under Chapter X, Bankr.Act, 11 U.S.C.A. § 501 et seq. The contention that the quoted language refers to taxes which may be due and owing, but not assessed prior to the filing of a petition under Chapter X, and that claim thereon may be filed as a matter of right within one year after the filing of such petition, is rejected. Taxes "legally due and owing" by a debtor are dealt with in Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104.

## Order of Court

In accordance with the foregoing findings of fact and conclusions of law, and upon motion of Croom Partridge, counsel for the Trustee, it is considered, ordered and adjudged:

That Charles D. Redwine, in his official capacity as State Revenue Commissioner of Georgia, and his successors in office, and that each and every officer, agent, employee and attorney of said Department of Revenue of the State of Georgia is and are, each and all, hereby restrained and permanently enjoined from proceeding further with the assessment or collection of certain taxes claimed to be due and owing by Debtor herein to the State of Georgia, the same being set out in "Exhibit A" to said petition of the Trustee herein, and being Georgia State income taxes for the Fiscal Year ending June 30, 1946, in the principal sum of additional tax of $704.76, together with interest in the sum of $158.57, totalling $863.33; like taxes for the period July 1, 1946 to December 31, 1946, in the principal sum of additional tax of $374.63, together with interest in the sum of $73.05, totalling $447.68; like taxes for the calendar year 1947 in the principal sum of additional tax of $794.20, together with interest in the sum of $107.22, totalling $901.42; and like taxes for the calendar year 1948, in the principal sum of additional tax of $2,654.97, together with interest in the sum of $199.12, totalling $2,854.09; and said persons are likewise restrained and permanently enjoined from assessing or attempting to collect any other income taxes which may or might be claimed to be due to the State of Georgia for any or all of the above-mentioned periods.